UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CYNTHIA BURNS, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | Civil No. 3:21-cv-00007-GFVT |
| V. | ) ) ) | |
| AMERICAN FIRE AND CASUALTY COMPANY, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant American Fire's Motion to Dismiss. [R. 29.] Plaintiffs Cynthia and McKenzie Burns seek a declaratory judgment barring other parties from recovering from the Defendant, who insures the entity that allegedly injured the Plaintiffs in an automobile accident. [R. 1-2 at 5-6.] The Defendant moves to dismiss the complaint, arguing that the claims constitute an improper direct action against the insurer before liability is established. The Court finds that there is no basis for jurisdiction under the Declaratory Judgment Act and **GRANTS** the Motion to Dismiss.

**I**

The Plaintiffs were injured in a 2018 automobile accident. [R. 1.] They filed two actions in Franklin Circuit Court: one bringing various tort claims against the driver and his employer and another against that employer's insurer. [R. 30-1; R. 1-2.] The latter is titled "Petition for Declaration of Rights and Declaratory Judgment," and requests relief in the form of orders: (1) that the accident is covered by Kentucky's Workers' Compensation Act, (2) barring recovery for

a passenger in the A-1 Transmission vehicle outside of that Act, and (3) that Liberty Mutual's proceeds are only available to compensate the Plaintiffs for their medical expenses caused by the accident. *Id.* at 5-6. The action bringing tort claims against the insured remains pending in state court. [*See* R. 29 at 2.]

Defendant Liberty Mutual removed the request for declaratory judgment from Franklin Circuit Court to this Court in February 2021. *See id.* The Plaintiffs then moved the Court to amend their Complaint because the correct Defendant is American Fire, not Liberty Mutual, which the Court granted. [R. 12; R. 21.] Now, American Fire moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [R. 29.] It argues the Plaintiffs do not have standing and the Complaint fails to state a claim because it violates Kentucky's prohibition on "direct actions," in which a third-party brings suit against an insurer before a judgment establishing liability. *Id.* at 3-4. The matter is now ripe for review.

**II**

**A**

The Defendant moves to dismiss the claims against it for failure to state a claim and lack of standing. The Court must first examine the standing challenge, as it is jurisdictional, before proceeding to the merits-based challenge for failure to state a claim. *See West v. Ray*, 401 Fed. App'x 72, 74 (6th Cir. 2010). The Defendant claims the Plaintiffs lack standing because there is no case or controversy between these parties at this time.

The Court would only have the power to grant the requested declaratory relief under the Declaratory Judgment Act. 29 U.S.C. § 2201. The Act requires the Court be faced with a "case of actual controversy" before granting declaratory relief. *Id.* The Sixth Circuit interprets this in line with the Article III case or controversy requirement. *TCI/TKR Cable v. Johnson*, 30 Fed.

App'x 581, 583 (6th Cir. 2002) (citing *Brennan v. Rhodes*, 423 F.2d 706, 706–07 (6th Cir. 1970)).  Determining whether a case presents an actual controversy or merely an attempt to obtain an advisory opinion is a "difficult task."  *Id.*  A case or controversy exists when the facts show "'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *MedImmune v. Genentech, Inc.*, 549 U.S. 118 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  A party has standing to bring a claim for declaratory relief if this "actual controversy" requirement is satisfied.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."); *see also Owens v. Ohio Cas. Ins. Co.*, 2010 WL 11545632, at *2 (W.D. Ky. Jan. 21, 2010) (granting an insurer's motion to dismiss a request for declaratory judgment on liability for lack of standing because there was no "actual controversy" between the parties).

      The Court agrees with the Defendant that the Plaintiffs do not have standing because there is no "actual controversy" between these parties on whether the Defendant is liable to the other passenger.  Whether the Defendant is liable to this third-party is "a collateral legal issue governing certain aspects of . . . pending or future suits."  *Galluzzo v. Champaign Cnty. Ct. of Common Pleas*, 168 F. App'x 21, 25 (6th Cir. 2006) (quoting *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998)).  Further, whether the Defendant is liable solely to the Plaintiffs is based on a "factual situation that may never develop."  *Hillard v. First Financial Ins.*, 968 F.2d 1214 (Table), 2 (6th Cir. 1992) (quoting *Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)).  The Plaintiffs ask the Court to determine that *if* they are successful in their action against the insured, and *if* the insured is also found liable to the other passenger, that the insurer is liable only to the Plaintiffs.  Too much uncertainty stands between the Plaintiffs' request in this Court

3

and the potential need for the requested declaration. Deciding the Defendant's liability to the passenger at this point would be more akin to an advisory opinion on hypothetical facts. *MedImmune*, 312 U.S. at 127. For the same reasons, the controversy is not sufficiently immediate to warrant declaratory relief. Much must occur before the requested ruling is relevant or necessary.

There is also no controversy between the parties because direct actions against insurers are prohibited in Kentucky. *Pryor v. Colony Ins.*, 414 S.W.3d 424, 432 (Ky. Ct. App. 2013). "A complainant must first establish liability before seeking indemnity from an insurer in an action based on the insured's negligence." The Plaintiffs currently have an action pending in Franklin Circuit Court against the insureds. [*See* R. 30-1; R. 29 at 2.] Because this matter is still pending, the Plaintiffs do not have a judgment establishing the insureds' liability. In this Court, they have filed suit against American Fire, the insurer of the Defendant in the state court action. This is the epitome of a direct action: a claim against an insurer without a judgment against the insured.

The Court is guided by an analogous situation in *Green*. That court explained that federal courts cannot issue a declaratory judgment that an insurance company must indemnify its insured without a judgment against the tortfeasor. *QBE Ins. Corp. v. Green*, No. 5:14-cv-300-JMH, 2014 WL 5431318, at *2 (E.D. Ky. Oct. 24, 2014); *see also Pupo v. Liberty Mut. Ins. Grp.*, 3:18-cv-339-DJH-RSE, 2019 WL 10476280, at *1 (E.D. Ky. Aug, 16, 2019) (collecting cases). The Court recognizes this action is slightly unique because the Plaintiffs are asking the Court to determine the Defendant insurer is *not* liable to another person injured in the accident. Direct actions against insurers usually ask the court to determine the Defendant insurer *is* liable to the Plaintiffs. However, this distinction does not change the general rule that an injured party cannot directly file suit against an insurer without a judgment against their insured. *Pryor*, 414 S.W.3d

4

at 432. Regardless of what the Plaintiffs are asking the Court to declare, they only have "a speculative claim as a putative third-party beneficiary to the contract of insurance." *Green*, 2014 WL 5431318, at *2. Accordingly, there is no controversy between the parties, so the Plaintiffs do not have standing and the Court does not have jurisdiction under the Declaratory Judgment Act. *See also Owens*, 2020 WL 11545632, at *2 (" . . . [T]he Plaintiffs lack standing to bring this declaratory judgment action" because they had filed a direct action against an insurer without a judgment.)

Even if the Declaratory Judgment Act applied to this action and the Court *could* grant declaratory relief, it would likely decline to do so. Courts have discretion over whether to exercise jurisdiction under the Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *see also Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In other words, even if the Court found it has jurisdiction over this claim, it is "under no compulsion to exercise that discretion." *Brillhart*, 316 U.S. at 494.

There is a longstanding practice in the Sixth Circuit to decline jurisdiction over "actions seeking an advance opinion on indemnity issues." *Bituminous*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Such rulings are "seldom helpful in resolving an ongoing action in another court," and "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Id.* With this additional context, it is abundantly clear that it would be inappropriate for this Court to grant the requested relief.

Having determined the Court lacks subject matter jurisdiction, the Court cannot address the Defendant's motion to dismiss for failure to state a claim. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) becomes moot if the Court determines it lacks subject matter jurisdiction. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Therefore, the action will be dismissed without prejudice for lack of jurisdiction. *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 Fed. App'x 6, 11 (6th Cir. 2018).

### III

The Court agrees with the Defendant that the Plaintiffs lack standing to bring this claim pursuant to the Declaratory Judgment Act. Accordingly, the Plaintiffs' claims against the Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

This the 28th day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge